# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

PETER SASSANO,   CASE NO.:

    Plaintiff,

v.

DANIELA MYLOT
and THE SANDWICH DEPOT
CAFÉ, LLC,

    Defendants.
_____/

## **COMPLAINT**

1. Plaintiff, PETER SASSANO ("Plaintiff"), was an employee of Defendants, DANIELA MYLOT and THE SANDWICH DEPOT CAFÉ, LLC ("Defendants"), and brings this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

2. Plaintiff was a non-exempt cook performing such work for Defendants in Alachua County, Florida. His agreed upon regular rate was $9.75 per hour.

3. Plaintiff was an employee of Defendants at all times relevant.

4. DANIELA MYLOT exercised managerial control over of THE SANDWICH DEPOT CAFÉ, LLC and ran its day-to-day operations.

Alternatively, or in addition thereto, she directly participated in hiring, firing, employee compensation decisions, and other work issues of Plaintiff.

5. Defendants are within the jurisdiction of this Court.

6. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

7. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. § 2201et seq.

8. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

9. Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their marketing, preparation, cooking, service, and sale of foodstuffs, produce, meats, beverages, and products that have moved through interstate commerce. Defendants cooked, prepared, and stored perishables and beverages while

using machinery, appliances, electronic payment processing services and equipment, vehicles, ovens, stoves, fuels, cooking oils, refrigeration, goods and materials that also have moved through interstate commerce.

10. Furthermore, Defendants obtain, exchange, and send/receive funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

11. Defendants' annual gross revenues are believed to be in excess of $500,000.00 during the time Plaintiff worked for them but to the extent records exist regarding the exact income those are within Defendants' possession and control.

12. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the custody of Defendants.

13. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of his handling and preparing food, produce, spices, oils, poultry, and meats that traveled through interstate commerce while also

utilizing ovens, cooking utensils, cooking supplies, knives, equipment, and equipment that also traveled through interstate commerce.

## RECOVERY OF OVERTIME COMPENSATION

14. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-13 above.

15. On or about November 4, 2016, Plaintiff notified Defendants that he was quitting his job effective November 16, 2016.

16. On or about November 10, 2016, Plaintiff received his last paycheck – however his pay was retroactively cut from his regular $9.50 per hour to $8.05 per hour.

17. In retroactively cutting his regular rate from $9.75 to $8.05 per hour, Defendants failed to properly pay Plaintiff his 7.65 hours of overtime he earned during the pay period of October 31, 2016 to November 13, 2016. Instead of using the proper regular rate of $9.75 per hour, Defendant paid those overtime hours at the improper rate of $8.50 per hour.

18. Plaintiff was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week at his agreed upon regular rate of pay.

17, As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay

for each hour worked in excess of forty (40) per work week, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

18. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

19. Prior to brining this lawsuit, Plaintiff complained regarding Defendants' wrongful payment to him including a written complaint dated December 12, 2016 to Alachua County complaining that his regular rate was dropped to minimum wage.

WHEREFORE, Plaintiff demands judgment against Defendants for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendants did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

January 30, 2017

By /s/ Michael Massey
   Michael Massey
   Massey & Duffy
   855 E. Univ. Avenue
   Gainesville, Florida 32601
   FBN 153680